FILED
[illegible stamp]
2026 FEB -9 AM 9: 57

# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

**Curtis Wilson,**
Petitioner,
v.
**Credit Acceptance Corporation,**
Respondent.
Civil Action No. _____

# PETITION TO VACATE ARBITRATION AWARD

## (9 U.S.C. § 10(a)(1))
## I. INTRODUCTION

Petitioner **Curtis Wilson** respectfully petitions this Court, pursuant to the **Federal Arbitration Act ("FAA"), 9 U.S.C. § 10(a)(1)**, to vacate a Final Arbitration Award dated **December 12, 2025**, issued in **AAA Case No. 01-25-0001-3044**, on the ground that the award was **procured by fraud and undue means.**

The arbitration proceeding was materially corrupted by Petitioner's reliance on a forensic audit and expert evidence that was later revealed—after the issuance of the award—to be **fraudulent**, including the complete failure of the purported expert witness to appear. This fraud was not discoverable through due diligence during the arbitration and directly caused Petitioner's inability to prove his claims, resulting in a substantial adverse award.

## II. JURISDICTION AND VENUE

1. This Court has subject-matter jurisdiction under **9 U.S.C. §§ 1–16.**
2. Venue is proper in this District because:
    a. Petitioner resides in Massachusetts;
    b. The underlying transaction involved a vehicle titled and registered in Massachusetts;
    c. Respondent conducts substantial business in Massachusetts; and

    d. The arbitration agreement and Final Award contemplate judicial enforcement in a court of competent jurisdiction.

## III. PARTIES

3. **Petitioner:** Curtis Wilson, a Massachusetts resident, appearing **pro se**.
4. **Respondent:** Credit Acceptance Corporation, a national consumer-finance company that was the respondent and prevailing party in the arbitration.

## IV. BACKGROUND

5. The parties entered into a Retail Installment Contract containing an arbitration agreement governed by the FAA.
6. Petitioner initiated arbitration through the American Arbitration Association ("AAA"), asserting statutory and contractual claims related to Respondent's servicing and enforcement of the contract.
7. During the arbitration, Petitioner relied upon a **forensic audit and expert analysis** that was represented to be legitimate, professional, and suitable for litigation.
8. That forensic audit and expert testimony constituted **material evidence** central to Petitioner's case.
9. The purported expert **failed to appear** at the arbitration hearing, depriving Petitioner of the ability to authenticate, explain, or defend the forensic findings.
10. On **December 12, 2025,** the arbitrator issued a Final Award denying Petitioner's claims and awarding Respondent **$26,363.69**, plus interest.

## V. NEWLY DISCOVERED FRAUD

11. After the issuance of the Final Award, Petitioner received written communication from the forensic audit provider admitting that:
- The audit report delivered was **not the product Petitioner paid for;**
- The operation constituted a **scam;**
- Payment processors had prior notice of fraudulent activity; and
- A commissioned notary associated with the report may be complicit.

12. This admission constitutes **newly discovered evidence of fraud**.
13. The fraud was **not discoverable through reasonable diligence** during the arbitration, as:
- The forensic provider held itself out as legitimate;
- Petitioner had no subpoena power over the provider;
- There was no prior notice of fraudulent conduct; and
- The admission occurred only **after** the arbitration concluded.

## VI. GROUNDS FOR VACATUR

## (9 U.S.C. § 10(a)(1) — FIRST CIRCUIT STANDARD)

14. The Federal Arbitration Act mandates vacatur where an award was "procured by corruption, fraud, or undue means." 9 U.S.C. § 10(a)(1).
15. The United States Court of Appeals for the First Circuit recognizes vacatur where:
    (a) fraud occurred;
    (b) the fraud was not discoverable through the exercise of due diligence prior to the arbitration;
    (c) the fraud was materially related to an issue in the arbitration; and
    (d) the fraud resulted in actual prejudice to the moving party.
16. Petitioner satisfies each element.
17. Petitioner reasonably relied on forensic audit and expert evidence represented as legitimate and suitable for litigation. That evidence was later admitted—after issuance of the Final Award—to be fraudulent.
18. The fraud was not discoverable during the arbitration because the provider concealed the fraudulent nature of the audit, Petitioner lacked subpoena power, and the admission occurred only post-award.
19. The fraud was material. The arbitrator expressly found that Petitioner "failed to prove" his claims, and the collapse of Petitioner's expert evidence directly caused that failure.
20. The fraud resulted in substantial prejudice, including a monetary award exceeding $26,000 plus interest.
21. Under First Circuit precedent, an arbitration award procured under such circumstances cannot stand and must be vacated to preserve the integrity of the arbitral process.

## VII. TIMELINESS

22. This Petition is filed within **three months** of the Final Award, as required by **9 U.S.C. § 12**.

## VIII. RELIEF REQUESTED

WHEREFORE, Petitioner respectfully requests that this Court:
A. **Vacate the Final Arbitration Award dated December 12, 2025, in its entirety;**
B. Deny enforcement or confirmation of the award;
C. Award such other and further relief as the Court deems just and proper.

## IX. JURY DEMAND

Petitioner demands a trial by jury on all issues so triable.

Respectfully submitted,
**Curtis Wilson**
Petitioner, Pro Se

Date: February 7th, 2026

Curtispwilson@mail.com